IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES W. SHERRILL, #1712267 | § | |
| VS. | § | CIVIL ACTION NO. 6:15cv381 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION AND ENTERING FINAL JUDGMENT

Petitioner James Wesley Sherrill, *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging the illegality of his conviction. The cause of action was referred for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

## I. Procedural Background

A jury convicted Sherrill of one count of aggravated sexual assault and one count of aggravated kidnapping. After his conviction, the same jury sentenced him to ninety-nine years' imprisonment for the sexual assault and ninety-nine years' imprisonment for the kidnapping charge. He was also assessed a $10,000 fine for both counts. Sherrill filed a direct appeal, and the Twelfth Court of Appeals affirmed his convictions on May 31, 2012. *See Sherrill v. State*, No. 12-11-00156-CR, 2012 WL 1951440 (Tex.App.—Tyler 2012) (unpublished). The Texas Court of Criminal Appeals subsequently denied his petition for discretionary review on October 31, 2012.

In 2013, Sherrill filed a state habeas application. Upon remand from the Texas Court of Criminal Appeals (TCCA), the trial court conducted a hearing on Sherrill's application, at which point both Sherrill, trial counsel, and the trial judge testified. The TCCA denied his application without a written opinion on July 23, 2014. Sherrill then filed this federal petition in March 2015.

**II. Sherrill's Federal Habeas Petition and the Response**

Sherrill maintained that the trial court improperly polled the jury after being deadlocked. He also asserted that trial counsel was ineffective for: (1) failing to strike a former police officer from the jury; (2) failing to seek the trial court's recusal; (3) failing to move for a mistrial or adopt the State's motion for a mistrial; (4) failing to preserve error regarding the court's jury polling; and (5) failing to object to the State's improper notice of its intent to introduce extraneous bad acts. In response, Respondent argues that Sherrill's claims are procedurally barred and/or are meritless.

After a review of the pleadings and the record, the Magistrate Judge issued a Report, (Dkt. # 19), recommending that Sherrill's petition be dismissed with prejudice. Sherrill has filed a timely objection on one issue.

**III. Standard of Review**

*1. Federal Habeas Review*

The role of federal courts in reviewing habeas corpus petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Furthermore, federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed a number of habeas corpus reforms, a petitioner who is in custody "pursuant to the

judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal habeas review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

   *2. Ineffective Assistance of Counsel*

To show that trial counsel was ineffective, Sherrill must demonstrate both deficient performance and ensuing prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). In evaluating whether an attorney's conduct was deficient, the question becomes whether the attorney's conduct fell below an objective standard of reasonableness based on "prevailing norms of practice." *See Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2016). The right to effective counsel does not guarantee error-free or perfect counsel. *See U.S. v. Freeman*, 818 F.3d 175, 178 (5th Cir. 2016).

Moreover, to establish prejudice, the petitioner must show that there is a reasonable probability that—absent counsel's deficient performance—the outcome or result of the proceedings would have been different. *Id.*; *see also Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687)). It is well-settled that a "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings. *Strickland*, 466 U.S. at 694. Importantly, the petitioner alleging ineffective assistance must show both deficient performance and prejudice. *See Charles v. Stephens*, 736 F.3d 380, 388 (5th Cir. 2013) ("A failure to establish either element is fatal to a petitioner's claim.") (internal citation omitted). Given the already highly deferential standard under the AEDPA, establishing a state court's application whether counsel was ineffective "is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013) ("Both the *Strickland* standard and the AEDPA standard are highly deferential, and when the two apply in tandem, review is doubly so.") (internal quotations and citation omitted).

**IV. Sherrill's Objection—Polling the Jury**

Sherrill initially argued in his petition that the trial court exerted improper influence when the court—after hearing that the jury was deadlocked during deliberations—asked the foreperson, "without telling me how the jury is deadlocked, can you give me the numbers of where they are?" The vote was 11-1, and the trial court ordered the jury to continue deliberating. About two hours later, the jury returned its guilty verdict. He further argued that trial counsel was ineffective for failing to join the State's motion for a mistrial.

The Magistrate Judge found that this claim was procedurally barred and meritless. Sherrill raised this claim as his sole issue on direct review, and the appellate court ruled that he failed to preserve his error because he did not join the State's request for a mistrial. *See Sherrill*, 2012 WL

4

1951440 at *2 ("A party may not rely on an objection raised by another party to preserve error unless there is sufficient indication in the record of an intent to adopt the objection.").

In his sole objection, Sherrill continues to maintain that defense counsel should have known that he could not simply rely on the State's objection to preserve error. Counsel's failure to join the State's request for a mistrial violated his right to a fair trial because, as he states, "there could have been a mistrial." Sherrill requests a hearing on this issue.

The Magistrate Judge correctly determined that this claim should be dismissed. As explained in the Report, in *Brasfield v. Unites States*, 272 U.S. 448 (1926), the Supreme Court held that a trial court's inquiry about how a deadlocked jury was divided numerically "is generally coercive and should be regarded as grounds for reversal." *Id*. at 450. Subsequently, however, the Court ruled that its decision in *Brasfield* was an exercise of its supervisory authority over the federal courts. *See Lowenfield v. Phelps*, 484 U.S. 231, 239-40 (1988). The Court in *Lowenfield* further explained that the *Brasfield* decision makes no mention of the Due Process Clause or any other constitutional provision and cites several federal appellate opinions in which various courts "uniformly rejected the notion that *Brasfield's per se* reversal approach must be followed when reviewing state proceedings on habeas corpus." *Id*. at 240 n.3 (collecting cases).

Importantly, the Fifth Circuit held that a "state trial judge's inquiry into the numerical split of the jury, so long as it is 'simply to assess the progress of the jury,' does not render a trial fundamentally unfair as to require habeas relief." *See Coleman v. Quarterman*, 456 F.3d 537, 548 (5th Cir. 2006) (quoting *Thompson v. Cain*, 161 F.3d 802, 810 (5th Cir. 1998)). "When the answer to the question reveals that the jury is split eleven to one, it is not *per se* impermissible for the state trial judge to ask the jury to continue deliberating." *Thompson*, 161F.3d at 809-10.

Accordingly, the issue in *Brasfield*—the court's inquiring of a deadlocked jury regarding their numerical divisions—has **no bearing on state proceedings** and, without more, does not present a constitutional violation. *See, e.g.*, *Howard v. State*, 941 S.W.2d 102, 124 (Tex.Crim.App. 1996) *abrogated on other grounds by Easley v. State*, 424 S.W.3d 535 (Tex.Crim.App. 2013) ("The U.S. Supreme Court in *Brasfield* created a prophylactic rule forbidding the federal trial courts from questioning their juries regarding numerical divisions. However, such a prophylactic rule is based upon the [Court's] exercise of supervisory powers and not upon any notion of constitutional infraction.") (emphasis added); *see also Melancon v. State*, 66 S.W.3d 375, 385 (Tex. App.—Houston 2001, pet. ref'd) ("In light of *Howard*, the trial court's inquiry into the jury's numerical division, even if inappropriate, was not reversible error.").

Here, the trial court asked the foreperson to provide the numbers of where the jury was—without telling him how in particular the jury was deadlocked. When the foreperson replied "11 to 1," the court replied, "I'm going to send you back to continue your deliberations." There is no indication whatsoever that the court's inquiry was anything more than to simply assess the jury's progress.

Accordingly, based on federal and Texas case law, had counsel joined the State's motion for a mistrial on this issue, it would have likewise been denied. *See Constante v. State*, 2013 WL 1461846 *2 (Tex. App.—Corpus Christi Apr. 11, 2013) (unpublished) ("The mere inquiry of the jury's numerical division is not reversible error *per se*."); *see also Howard*, 941 S.W.3d at 124 (recognizing rule of *per se* reversal in federal law, but holding it inapplicable to Texas cases). Because counsel cannot be ineffective for failing to raise a meritless or frivolous argument, the Magistrate Judge correctly recommended that this claim be dismissed. *See Wood v. Quarterman*,

6

503 F.3d 408, 413 (5th Cir. 2007) (explaining that counsel cannot be constitutionally ineffective for failing to raise a meritless argument).

Sherrill also filed a motion to stay these federal proceedings, (Dkt. #22). He requests that the Court issue a stay so that he can return to state court to present an actual innocence/newly discovered evidence claim. While Sherrill states that his newly discovered evidence is "exculpatory" and "of constitutional magnitude," he provides no specifics for his claim whatsoever. He explains that he is permitted to spend only ten hours per week in the prison law library.

A stay and abeyance is appropriate when the district court finds that (1) the petitioner has good cause for his failure to exhaust his claim; (2) the claim is not patently meritless; and (3) the petitioner has not engaged in intentional delay. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, because Sherrill provided no specifics with regard to actual innocence claims—no facts, no support, and no details—he has not shown good cause for his failure to exhaust the claim. In the same vein, because he provides no specifics or argument, he has not shown that his new claim is not patently meritless. Accordingly, Sherrill is not entitled to a stay of these present federal proceedings.

## V. Conclusion

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Sherrill's objection is without merit. Accordingly, it is

7

**ORDERED** that Plaintiff's objection, (Dkt. #25), is overruled and the Report of the Magistrate Judge, (Dkt. #19), is **ADOPTED** as the opinion of the District Court. Furthermore, it is

**ORDERED** that Plaintiff's motion to stay proceedings, (Dkt. #22), is **DENIED** without prejudice to his right to bring such claims in state or federal court as he believes appropriate. Further, it is

**ORDERED** that the above-styled petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is also

**ORDERED** that Petitioner Sherrill is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So Ordered and Signed**
**Jul 5, 2018**

_____
Ron Clark, United States District Judge